```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                  SOUTHERN DIVISION at PIKEVILLE

DEXTER JEMISON,                      )
                                     )
      Petitioner,                    )    Civil No. 7: 21-32-JMH
                                     )
V.                                   )
                                     )
HECTOR JOYNER, Warden,               )    MEMORANDUM OPINION
                                     )         AND ORDER
      Respondent.                    )
```

                      ***   ***   ***   ***

Federal inmate Dexter Jemison has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [R. 1]. Jemison did not pay the $5.00 filing fee required by 28 U.S.C. § 1914 or file a motion to waive payment of it pursuant to 28 U.S.C. § 1915. Because the filing fee is incurred when the petition is filed, the Court will direct the Bureau of Prisons ("BOP") to deduct the fee from funds in Jemison's inmate account to satisfy that financial obligation.

This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions

pursuant to Rule 1(b)). The Court evaluates Jemison's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief") (citations and internal quotation marks omitted)).

In 1995 Jemison was convicted of being a felon in possession of a firearm and sentenced to a 52-month term of incarceration. *United States v. Jemison*, No. 1: 95-CR-10035-JBM-1 (C.D. Ill. 1995). Jemison completed that prison term, but shortly after being placed on supervised release he and several others committed an armed bank robbery. Jemison was sentenced to 252 months imprisonment for those crimes. *United States v. Jemison*, No. 1: 00-CR-10007-JBM-2 (C.D. Ill. 2000). Jemison has completed those custodial sentences, but is currently serving a 24-month term of imprisonment for violating his supervised release in the first case. He is currently projected to release from BOP custody in May 2022.

In November 2020, Jemison filed the first in a series of § 2241 petitions in this Court requesting release from BOP custody on compassionate grounds pursuant to Section § 3582(c), referring

2

to the First Step Act and the CARES Act. This first petition was denied, the Chief Judge of this Court explaining to Jemison that such relief could only be obtained from the Court that imposed his sentence, and that this Court could not grant relief under § 2241. *Jemison v. Federal Bureau of Prisons*, No. 7: 20-CV-144-DCR (E.D. Ky. 2020).

One week later Jemison sent the habeas corpus petition he had submitted in this Court to be filed in both of his criminal cases in the Central District of Illinois, changing little more than the caption. [R. 48, 177 therein]. The government filed responses noting that before his federal offenses Jemison had been convicted of more than a dozen crimes involving alcohol, drugs, assault, escape, false identification, and manslaughter. Matters did not improve in prison, as Jemison's disciplinary record in federal incarceration "includes forty-eight (48) incidents for fighting, possessing dangerous weapons, assault (both with and without serious injury), bribing an official or staff member, threatening bodily harm, interfering with security devices, disruptive conduct, and being absent from assignment . . . ." [R. 57, 187 therein]. The sentencing court noted that Jemison did not suffer from any aggravating medical conditions and was considered at high risk of recidivism based upon his prison conduct, and denied his motions in January 2021. [R. 58, 188 therein].

3

While those motions were pending in the sentencing court, Jemison's filings in this Court continued unabated. One week after his first petition was denied, Jemison filed a nearly-identical § 2241 petition seeking the same relief on the same grounds. Jemison did assert that he had not received anything from the Court regarding his first petition, but he had provided the Court with an accurate mailing address at the prison and the Court's Orders were not returned as undeliverable by the Postal Service. Jemison's second petition was denied for the same reasons as the first one. *Jemison v. Federal Bureau of Prisons*, No. 7: 20-CV-153-KKC (E.D. Ky. 2020).

One week later (and perhaps hoping for a different outcome), Jemison mailed yet another copy of the same habeas petition to the Bowling Green Division of the United States District Court for the Western District of Kentucky. Jemison included with his petition a "Notice" to the Clerk of that Court acknowledging that this was his third motion for compassionate release, but claiming not to have received a docket number for any of his prior cases in this Court. This assertion was plainly false, as Jemison included with that filing a copy of this Court's Memorandum Opinion and Order denying his first habeas corpus petition. *Jemison v. Federal Bureau of Prisons*, No. 1: 20-CV-206-GNS (W.D. Ky. 2020) [R. 1, 1-1, 1-2 therein]. The Western District transferred the petition to this Court on venue grounds. As with its predecessors, this Court denied

4

Jemison's petition because he sought relief plainly unavailable under § 2241. *Jemison v. Federal Bureau of Prisons*, No. 7: 20-CV-156-DCR (E.D. Ky. 2020). Further, the Chief Judge of this Court admonished that "***Jemison should not misinterpret this Court's treatment of his latest motion as approval of his litigation conduct***[,]" and cautioned that sanctions may be imposed if Jemison persisted in repeatedly filing meritless requests for the same relief. [R. 7 therein]. It appears that Jemison received the documents in that case. *See* [R. 1-1 herein].

The habeas corpus petition Jemison has filed in this case is indistinguishable from its predecessors. Jemison again seeks compassionate release pursuant to Section 3582(c), relief unavailable through § 2241. *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020) ("[A]lthough the [Bureau of Prisons] has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment."). The Court will therefore deny the petition.

The Court will also direct Jemison to show cause why sanctions should not be imposed. While the Court affords additional latitude to parties who are not educated or experienced in the eccentricities of the law or its practice, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), that forgiving approach has never "[been] interpreted so as to excuse mistakes by those who proceed without counsel," *McNeil v. United States*, 508 U.S. 106, 113 (1993), and

5

courts have never allowed "the right of self-representation [to be used as] a license to abuse the dignity of the courtroom." *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975). When a party repeatedly files frivolous lawsuits or motions, he abuses the right to represent himself without counsel, as well as the privilege of proceeding without payment of the filing fee. Such conduct imposes a heavy burden upon the limited resources of the Court at the expense of other litigants with potentially meritorious claims.

A court may take any and all necessary and appropriate steps to manage its docket, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), including entry of an order prospectively requiring the vexatious litigant to obtain permission from the Court before filing any new lawsuit, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *Maxberry v. S.E.C.*, 879 F.3d 222, 224 (6th Cir. 1989). That remedy is appropriate here. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

Before entering such an order, the Court will afford Jemison the opportunity to explain why that sanction should not be imposed. *Cf. Metz v. Unizan Bank*, 655 F. 3d 485, 490 (6th Cir. 2011) (". . . parties should be given notice of the possibility of inherent power sanctions so that they 'can present to the district court those rules or statutes that may be more appropriate.'"). His

6

response may be in the form of an explanation for past conduct in mitigation or to interpose factual or legal objections to the proposed restriction. Therefore, within twenty-one (21) days Jemison must file a written response in this case to show cause why the Court should not enter an Order requiring him to obtain prior permission from the Chief Judge of this Court before he may file any new habeas corpus petition or civil complaint in this Court. The Court will impose the sanction described above if Jemison fails to file a timely response or files a response that does not identify factually and legally sufficient grounds why the restriction should not be imposed.

Accordingly, **IT IS ORDERED** as follows:

1. The Clerk of the Court shall send a copy of this Memorandum Opinion and Order to the warden of the institution in which Jemison is currently confined;

2. Jemison's custodian shall send the Clerk of the Court payment of the $5.00 filing fee from funds in Jemison's inmate trust fund account once the amount in the account exceeds $10.00;

3. Jemison's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**; and

4. Within twenty-one (21) days, Jemison shall **SHOW CAUSE** by filing a response stating why he believes the Court should not impose the filing restrictions described above.

This 14th day of April, 2021.

7



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge